Orlo NIKOCEVIC, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, et al., Respondents.

No. 06–4816–ag.

United States Court of Appeals, Second Circuit.

Oct. 10, 2007.

Ronald Cohen, Wilmington, NC, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Linda Julin McNamara, Assistant United States Attorneys, Tampa, FL.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Orlo Nikocevic, who was a citizen of what was at the time of his entry into the United States, Yugoslavia, seeks review of a September 22, 2006 order of the BIA affirming the May 4, 2005 decision of Immigration Judge ("IJ") William Van Wyke pretermitting his application for asylum and denying his application for withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Orlo Nikocevic*, No. A79 318 727 (B.I.A. Sept. 22, 2006), *aff'g* No. A79 318 727 (Immig. Ct. N.Y. City May 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). An alien must demonstrate "by clear and convincing evidence" that he filed his application for asylum within one year after the date of his "arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). As the government points out, 8 U.S.C.

§ 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under section 1158(a)(2)(B). Although this Court retains jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Nikocevic challenges only the IJ's factual determination that he testified inconsistently about when he last entered the United States and that he provided no other corroboration to definitively establish the date of his arrival. Accordingly, we lack jurisdiction to review the agency's decision to pretermit Nikocevic's asylum application as untimely and dismiss the petition for review to that extent. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 331 (2d Cir.2006).

Nikocevic did not raise either his withholding of removal or CAT claims in his brief to this Court. Accordingly, we deem those claims waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Finally, we note that even if Nikocevic had addressed these claims, the agency's denial of relief was amply supported by evidence of changed country conditions.

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part.